linIN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MELINDA SELDEN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Case No. 1:23cv933 |
| | : | |
| LENDING CLUB CORP., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## COMPLAINT

Plaintiff Melinda Selden, by counsel, alleges as follows for her Complaint against Lending Club Corp. ("Lending Club").

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages; costs; and attorneys' fees brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. Lending Club inaccurately reported to the credit reporting agencies that Plaintiff was delinquent on a personal loan and that the loan was charged off.

3. Contrary to Lending Club's reporting, the loan was paid via a personal check mailed by Plaintiff to Lending Club, which Lending Club deposited upon receipt.

4. Lending Club, nonetheless, erroneously furnished the inaccurate and derogatory delinquency and charge-off information to the credit reporting agencies.

5. After Plaintiff repeatedly disputed the inaccurate information with Lending Club—both directly and through the credit reporting agencies—it failed to correct its reporting.

6. Plaintiff, thus, alleges claims against Lending Club for its failure to fully and properly investigate her disputes and to review all relevant information provided by the consumer reporting agencies in violation of the FCRA, 15 U.S.C. § 1681s-2(b)(1).

## JURISDICTION

7. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

9. Plaintiff is a natural person who resides in the Commonwealth of Virginia. She is a consumer as defined by 15 U.S.C. § 1681a(c).

10. Lending Club is a corporation authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Lending Club is a furnisher as governed by the FCRA.

## FACTS

### *Plaintiff's Loan and Payment*

11. In May 2021, Plaintiff applied for a personal loan through Lending Club.

12. She was approved and received loan proceeds in the amount of $28,200.00 via an ACH credit to her SunTrust checking account on or about June 1, 2021.

13. Shortly after her receipt of the loan proceeds, Plaintiff decided to pay off the loan in consideration of its high cost.

14. On June 12, 2021, Plaintiff mailed Lending Club a check for $28,200.00, returning the loan proceeds and paying off the loan.

15. That check was accepted and cashed by Lending Club on or before June 16, 2021, as reflected on Plaintiff's June 2021 checking account statement. SunTrust has since provided Plaintiff a copy of the deposited check, which appears as follows:



16. As shown, that check was not altered or modified and was processed as payable to "Lending Club Corp."

17. No facts indicate that anyone other than Lending Club cashed the check.

18. Lending Club, however, did not credit that payment to Plaintiff's personal loan balance.

19. Upon learning that the check amount had been debited from her checking account but not yet applied to satisfy her Lending Club loan, Plaintiff contacted Lending Club to ask about the issue.

20. Lending Club advised Plaintiff that it received and cashed the check. Lending Club confirmed that the payment entered its system on June 23, 2021.

21. The next day, however, a Lending Club employee advised Plaintiff that the payment still had not applied to her account.

22. After Plaintiff's continued efforts to resolve the issue, Lending Club explained to Plaintiff that the check probably had been cashed by Lending Club but that no Lending Club employee applied the payment to Plaintiff's account. Lending Club informed Plaintiff that check payments were applied to loan accounts manually.

23. Despite continued reassurances that the issue would be resolved in Plaintiff's favor, Lending Club never applied the payment to Plaintiff's loan balance and reported her loan as delinquent to the credit reporting agencies.

24. During this time, late fees and other charges began to accrue on Plaintiff's account, causing the purported balance to balloon past the amount borrowed.

25. Lending Club eventually stopped attempting to assist Plaintiff and referred the account to collections for payment in full, inclusive of the added fees and charges.

### *Lending Club's Reporting and Plaintiff's Disputes*

26. Even though Plaintiff's loan had been satisfied through her June 2021 payment to Lending Club, Lending Club reported Plaintiff as owing over $30,000 on the personal loan to the credit reporting agencies.

27. This information was inaccurate, incomplete, and misleading. Plaintiff's loan was paid in full after Lending Club accepted and deposited her check payment.

28. Plaintiff mailed dispute letters to Trans Union, Experian, and Equifax on September 29, 2022, explaining that her Lending Club account was reporting inaccurately. Plaintiff noted that the late payments were inaccurate, that her account was wrongly marked as past due, and that her

account was not charged off. Plaintiff made clear that payment had been made, even attaching an image of the check, as well as the section of her bank statement confirming the debit.

29. Upon information and belief, Trans Union, Experian, and Equifax each forwarded Plaintiff's dispute to Lending Club.

30. Upon information and belief, Lending Club understood the nature of Plaintiff's dispute and the information that she was disputing.

31. Lending Club, however, failed to properly investigate Plaintiff's dispute and remove the erroneous information from Plaintiff's credit reports.

32. On November 3, 2022, Plaintiff mailed follow-up dispute letters to Trans Union, Experian, and Equifax relating to the reporting of her Lending Club account. Plaintiff again noted that the late payments were inaccurate, that her account was wrongly marked as past due, and that her account was not charged off. As with her first set of disputes, Plaintiff made clear that payment had been made, even attaching an image of the check, as well as the section of her bank statement confirming the debit.

33. Upon information and belief, Trans Union, Experian, and Equifax each forwarded Plaintiff's second dispute to Lending Club.

34. Upon information and belief, Lending Club again understood the nature of Plaintiff's dispute and the information that she was disputing.

35. Lending Club, however, again failed to properly investigate Plaintiff's dispute and remove the erroneous information from Plaintiff's credit reports.

36. On December 12, 2022, Plaintiff mailed a third set of dispute letters to Trans Union, Experian, and Equifax. For the third time, Plaintiff noted that the late payments were inaccurate, that her account was wrongly marked as past due, and that her account was not charged off. As

with her first two sets of disputes, Plaintiff made clear that payment had been made, even attaching an image of the check, as well as the section of her bank statement confirming the debit.

37. Upon information and belief, Trans Union, Experian, and Equifax each forwarded Plaintiff's third dispute to Lending Club.

38. Upon information and belief, Lending Club again understood the nature of Plaintiff's dispute and the information that she was disputing.

39. Lending Club, however—for the third time—failed to properly investigate Plaintiff's dispute and remove the erroneous information from Plaintiff's credit reports.

40. Instead, it verified the inaccurate information, which then remained on Plaintiff's credit reports.

41. As a result of Lending Club's conduct, Plaintiff suffered actual damages, including credit denials, a decreased credit score, damage to reputation, and emotional distress.

42. At all times pertinent to this Complaint, Lending Club's processing of consumer disputes was willful and carried out in reckless disregard for a consumer's rights as set forth under the FCRA. By example only and without limitation, its conduct was willful because it was intentionally accomplished through intended procedures and because its efficiency in processing disputes is believed to be more important than making sure that the disputes are investigated thoroughly and accurately.

## COUNT ONE:
## VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(A)

43. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

44. On one or more occasion within the past two years, by example only and without limitation, Lending Club violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate Plaintiff's disputes.

45. Plaintiff disputed the inaccurate information relating to her Lending Club account with Equifax, Experian, and Trans Union.

46. When Plaintiff disputed the account with the credit bureaus, Lending Club used a dispute system named "e-Oscar," which has been adopted by the consumer reporting agencies and their furnisher customers.

47. E-Oscar is an automated system, and the procedures used by the credit reporting agencies are systematic and uniform.

48. When a consumer reporting agency receives a consumer dispute, it (usually via an outsourced vendor) translates each dispute into an automated consumer dispute verification ("ACDV") form.

49. Upon information and belief, the ACDV form is the method by which Lending Club has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

50. Upon information and belief, the credit reporting agencies forwarded Plaintiff's dispute via an ACDV to Lending Club.

51. Lending Club understood the nature of Plaintiff's disputes when it received the ACDV forms.

52. Upon information and belief, when Lending Club received the ACDV form containing Plaintiff's disputes, it followed a standard and systematically unlawful process where it only reviewed its own internal computer screen for the account and repeated back the same information to the ACDV system that was previously reported to the credit reporting agency.

53. Upon information and belief, when Lending Club receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not there is information already in its computer system that would demonstrate the disputed information is misleading or inaccurate.

54. As a result of Lending Club's violation of 15 U.S.C. § 1681s-2(b)(1)(A), Plaintiff suffered concrete and particularized harm, including loss of credit, credit denial, damage to reputation, embarrassment, humiliation, stress, and other emotional distress.

55. Lending Club's conduct in violating 15 U.S.C. § 1681s-2(b)(1)(A) was willful, rending it liable to Plaintiff for punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Lending Club was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF 15 U.S.C. § 1681s-2(b)(1)(B)

56. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

57. On one or more occasion within the past two years, by example only and without limitation, Lending Club violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

58. As Plaintiff detailed in the previous Count, Lending Club has elected to use the e-Oscar system for its FCRA disputes received through the consumer reporting agencies.

59. Lending Club is aware of the meaning of the several dispute codes used by the consumer reporting agencies in e-Oscar.

60. Lending Club does not contend that the ACDV system is an inadequate means to receive FCRA disputes through the consumer reporting agencies.

61. Lending Club understood Plaintiff's disputes and that Plaintiff claimed the derogatory information was inaccurate.

62. As a result of Lending Club's violation of 15 U.S.C. § 1681-2(b)(1)(B), Plaintiff suffered concrete and particularized harm, including but not limited to: loss of credit, credit denial, damage to reputation, embarrassment, humiliation, and other emotional distress.

63. Lending Club's violation of 15 U.S.C. § 1681s-2(b)(1)(B) was willful, rendering it liable for punitive damages in an amount to be determined pursuant to 15 U.S.C. §§ 1681n and 1681o.

64. Plaintiff is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Lending Club in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE:
## CONVERSION

65. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

66. By failing to apply the proceeds of Plaintiff's check to pay off her loan, Lending Club wrongfully exercised a right of ownership over Plaintiff's money.

67. Because the check was provided to Lending Club for the sole purpose of paying off Plaintiff's loan, yet Lending Club did not apply it to Plaintiff's loan, Lending Club's retention of that proceeds denied Plaintiff her right to the money.

68. Plaintiff is entitled to recover compensation for her loss.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Lending Club; for her attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and any other relief the Court finds proper.

**TRIAL BY JURY IS DEMANDED.**

> Respectfully submitted,
> **MELINDA SELDEN**
>
> By: ___*/s/ Dale W. Pittman*_____
> Dale W. Pittman, VSB #15673
> THE LAW OFFICE OF DALE W. PITTMAN, PC
> The Eliza Spotswood House
> 112-A West Tabb Street
> Petersburg, Virginia 23803
> Telephone: (804) 861-6000
> Facsimile: (804) 861-3368
> Email: dale@pittmanlawoffice.com
>
> Kristi C. Kelly, VSB #72791
> Andrew J. Guzzo, VSB #82170
> Casey S. Nash, VSB #84261
> J. Patrick McNichol, VSB #92699
> KELLY GUZZO, PLC
> 3925 Chain Bridge Road, Suite 202
> Fairfax, VA 22030
> Telephone: (703) 424-7572
> Facsimile: (703) 591-0167
> Email: kkelly@kellyguzzo.com
> Email: aguzzo@kellyguzzo.com
> Email: casey@kellyguzzo.com
> Email: pat@kellyguzzo.com
>
> *Counsel for Plaintiff*